**Ann HUTCHINSON, Plaintiff,**

v.

**UNITED STATES of America, Defendant,**

v.

**Ann HUTCHINSON and John Shepherd, Counterclaim Defendants.**

Civil Action No. 3:96–CV–0586–P.

United States District Court,
N.D. Texas,
Dallas Division.

April 14, 1997.

966

Larry Kent Hercules, Hercules & Hampton, Dallas, TX, for Ann Hutchinson.

Ralph Franklin Shilling, Jr., U.S. Dept. of Justice, Tax Div., Dallas, TX, for U.S.

John Shepherd, Dallas, TX, pro se.

## MEMORANDUM OPINION AND ORDER

SOLIS, District Judge.

Before the Court is Counterclaim Plaintiff's, the United States of America's ("Plaintiff" or "the United States"), Motion for Summary Judgment Against John Shepherd, filed October 18, 1996. John Shepherd ("Defendant" or "Shepherd"), one of the Counterclaim Defendants in this action, has not filed a response to said motion. The Court has thoroughly considered the United States' present motion and finds, for the reasons stated herein, that the motion is well taken and should be granted.

### BACKGROUND

This is a tax-refund suit brought by Ann Hutchinson ("Hutchinson"). Hutchinson was a shareholder and vice president of David Lynn Machine, Inc. ("Machine, Inc."). On or about February 27, 1995, a delegate of the Secretary of the Treasury, acting pursuant to Section 6672 of the Internal Revenue Code of 1986 ("the Code"), assessed Hutchinson for a total tax amount of $141,585.88 for being a "responsible person" of Machine, Inc. who had willfully failed to collect, truthfully account for, and pay over to the United States certain Withholding and FICA taxes for wages paid to the employees of Machine, Inc., or who had willfully attempted in some manner to evade or defeat such taxes or payment thereof.

On April 21, 1995, Hutchinson paid money towards her assessment and requested a refund and an abatement of her assessment.

On January 11, 1996, the Internal Revenue Service ("IRS") rejected Hutchinson's claim for a refund. Hutchinson then filed this suit on February 29, 1996, requesting, among other things, that the Court enter an order granting her claim for a refund and her request for an abatement.

On May 3, 1996, the United States filed its Answer and Counterclaims to the Complaint for Refund of Taxes Paid, bringing counterclaims against both Hutchinson and Shepherd. These counterclaims seek judgments against Hutchinson and Shepherd for the total tax amount of $141,585.88 plus statutory interest and statutory additions.

Shepherd was both chairman of the board of directors and president of Machine, Inc. during the periods at issue. He too, on or about February 27, 1995, was assessed, pursuant to Section 6672, for a total tax amount of $141,585.88 as a responsible person of Machine, Inc.

The United States now moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for judgment on its counterclaim against Shepherd, claiming that Shepherd was, as a matter of law, a person responsible to collect, account for, and pay over the taxes withheld from the wages of the employes of Machine, Inc. for the fourth quarter of 1991, the third quarter of 1992, the four quarters of 1993, and the first and second quarters of 1994, who willfully failed to do so as provided by 26 U.S.C. § 6672. Plaintiff claims that it is, therefore, entitled to a judgment in the amount of $141,585.88, plus interest, for the misappropriated monies from these quarters.

## SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986); *Thomas v. Harris County*, 784 F.2d 648, 651 (5th Cir.1986). All evidence, and the inferences to be drawn therefrom, must be viewed in the light most favorable to the party opposing the motion. *Marshall v. Victoria Transp. Co.*, 603 F.2d 1122, 1123 (5th Cir.1979). The party defending against a motion for summary judgment cannot defeat the motion unless he provides specific facts that show the case presents a genuine issue of material fact, such that a jury might return a verdict in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986).

■ Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent summary judgment. *Anderson*, 477 U.S. at 248–50, 106 S.Ct. at 2510–11; *Abbott v. Equity Group Inc.*, 2 F.3d 613, 619 (5th Cir.1993). In other words, conclusory statements unsupported by evidentiary facts will not suffice to defeat a motion for summary judgment. *Falls Riverway Realty Inc. v. City of Niagara Falls, N.Y.*, 754 F.2d 49 (2d Cir.1985). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53.

■ Finally, the Court has no duty to search the record for triable issues. *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 403 (6th Cir.1992). The Court need only rely on the portions of submitted documents to which the nonmoving party directs the Court. *Id.*

## ANALYSIS

Plaintiff's argument can be summarized as follows. The United States contends that Shepherd participated in the management of finances of Machine, Inc. and was aware of the severe financial problems facing the corporation, including its tax problems. While having knowledge of the tax problems, Shepherd chose to pay other creditors in preference to the United States or, at a minimum, acted with reckless disregard of whether these taxes were paid. Since funds were paid to creditors of Machine, Inc. in preference to paying the United States, Shepherd is liable to the United States under Section 6672 of the Code. (*See* Pl.'s Mot. Summ. J. at 8–9.)

To address Plaintiff's argument, a brief discussion of Section 6672 is in order. Employers are required by the Code to withhold from employees' wages federal income taxes and social security contributions. *See* 26 U.S.C. §§ 3102 and 3402. The employer holds these funds "in trust" for the United States, *see* 26 U.S.C. § 7501(a), and Section 6672(a) of the Code [1] imposes a penalty, equal to the entire amount of the unpaid taxes, on "any person" [2] required to collect, account for, or pay over the withheld taxes, who "willfully" fails to do so. *Barnett v.*

---

**1.** 26 U.S.C. § 6672(a) provides, in pertinent part: Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

**2.** The Code defines "person" to include "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b).

*Internal Revenue Serv.*, 988 F.2d 1449, 1453 (5th Cir.), *cert. denied*, 510 U.S. 990, 114 S.Ct. 546, 126 L.Ed.2d 448 (1993). "Liability for the penalty is established if a person is a 'responsible person' who 'willfully' failed to pay over the withheld taxes." *Id.* (citing *Turnbull v. United States*, 929 F.2d 173, 178 (5th Cir.1991)). A "responsible person" is any person who performs any one of the three functions specified in the statute (i.e., collect, truthfully account for, or pay over the withheld taxes). *Id.* at 1453 n. 6 (citing *Slodov v. United States*, 436 U.S. 238, 250, 98 S.Ct. 1778, 1786–87, 56 L.Ed.2d 251 (1978)).

The Fifth Circuit generally takes a broad view of who is a responsible person. *Id.* at 1454 (citing *Gustin v. United States Internal Revenue Serv.*, 876 F.2d 485, 491 (5th Cir. 1989)). Responsibility is determined by looking to one's status within a corporation—that is, one's duty and authority to withhold and pay taxes. *Id.* "The crucial inquiry is whether the person had the 'effective power' to pay the taxes—that is, whether he had the actual authority or ability, in view of his status within the corporation, to pay the taxes owed." *Id.* Section 6672(a) expressly applies to "any" responsible person, not just to the person most responsible for paying the taxes, *id.* at 1455 (citing *Howard v. United States*, 711 F.2d 729, 737 (5th Cir.1983)); and there may be multiple responsible persons in any company. *Id.*

When a party's job description lacks the precise responsibility of withholding or paying employees' taxes, the Fifth Circuit looks to a number of circumstantial indicia of responsible person status. *Id.* That is, the Fifth Circuit asks whether such a person:

(i) is an officer or member of the board of directors; (ii) owns a substantial amount of stock in the company; (iii) manages the day-to-day operations of the business; (iv) has the authority to hire or fire employees; (v) makes decisions as to the disbursement of funds and payment of creditors; and (vi) possesses the authority to sign company checks.

*Id.* "No single factor is dispositive." *Id.*

■ Plaintiff asserts that the undisputed and admitted facts [3] show that during the periods at issue,[4] Defendant's position with Machine, Inc. met all of the above criteria for responsible person status. Indeed, Shepherd's own admissions establish that during the quarters at issue, Shepherd's status within the company was the following. Shepherd was chairman of the board of directors and president of the corporation. He was in charge of the day-to-day operations of the corporation. He had the authority to hire and fire employees for the corporation. He made decisions as to the disbursement of funds and payment of creditors; for example, he authorized the payment of bills, negotiated corporate purchases, corporate loans, and corporate contracts, and authorized payroll

3. The United States' summary judgment evidence is based almost entirely on Shepherd's own admissions. Plaintiff mailed, by certified mail, its First Set of Interrogatories and First *Request for Admissions to Defendant on July 31, 1996.* The certified mail receipt reflects that the requests for admissions were received and signed for at the Shepherd residence on August 2, 1996. (*See* Pl.'s Mot. Summ. J. Ex. 2.) The United States followed up with Shepherd by letter, dated August 6, 1996, to inform him of a typographical error in the requests for admissions. *Id.* Ex. 3. To date, Shepherd has not responded to the United States' requests for admissions. Accordingly, pursuant to Rule 36 of the Federal Rules of Civil Procedure, all requests for admissions sent to Defendant are deemed admitted since these requests have gone unanswered and unobjected to for more than thirty days after service of the requests. *See* Fed.R.Civ.P. 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . . the party to whom the request is directed serves upon the party requesting the

admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.") Admissions may be considered when determining a summary judgment motion. *See* Fed.R.Civ.P. 56(c) ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, *and admissions on file,* together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (emphasis added)). Defendant has not even filed a response to Plaintiff's summary judgment motion objecting to Plaintiff's use of these admissions as the basis for its motion. Accordingly, the Court will rely on Defendant's admissions in determining Plaintiff's motion for summary judgment.

4. The periods at issue are the fourth quarter of 1991, the third quarter of 1992, the four quarters of 1993, and the first two quarters of 1994.

checks to be issued and paid for corporation employees. Finally, he had authority to sign corporate checks.[5] (*See* Pl.'s Mot. Summ. J. Ex. 1 First Reqs. Admis. at 2–5.) Shepherd has come forward with no evidence to counter these admissions.

For the foregoing reasons, the Court concludes that Shepherd qualifies as a "responsible person" under Section 6672 for all of the quarters at issue.

However, as noted above, Section 6672(a) will impose liability on a responsible person only if that person "willfully" failed to collect, account for, or pay over withheld taxes. Once it is established that the tax payer is a responsible person, the burden of proving lack of willfulness is on the taxpayer. *Mazo v. United States,* 591 F.2d 1151, 1155 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). "Willfulness under § 6672 requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent." *Barnett,* 988 F.2d at 1457 (citing *Mazo,* 591 F.2d at 1154). "Willfulness is normally proved by evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time to the United States." *Id.* (citing *Gustin,* 876 F.2d at 492). "'A considered decision not to fulfill one's obligation to pay the taxes owed, evidenced by payments made to other creditors in the knowledge that the taxes are due, is all that is required to establish willfulness." *Id.* (quoting *Howard,* 711 F.2d at 736). Once a responsible person becomes aware of the outstanding tax liability, he or she has a duty to ensure that the taxes are paid before any payments are made to other creditors. *Id.* (citing *Mazo,* 591 F.2d at 1154). Undisputed evidence that the responsible person failed to do so ordinarily establishes willfulness as matter of law. *Id.* (citing *Howard,* 711 F.2d at 735; *Mazo,* 591 F.2d at 1157).

Plaintiff offers Defendant's following admissions to establish Defendant's knowledge of Machine Inc.'s delinquent tax liability for the quarters at issue. Shepherd became aware of delinquent federal payroll taxes in July of 1992. Shepherd had discussions with David Hale, the corporation's outside accountant, regarding the corporation's delinquent tax liability during the periods at issue. Shepherd reviewed the payroll tax returns for the corporation. Shepherd signed the company's Form 941, Employer's Quarterly Federal Tax Return, for the second quarter of 1993, the third quarter of 1993, the fourth quarter of 1993, the first quarter of 1994, and the second quarter of 1994; and all of these returns reflected a balance due. (*See* Pl.'s Mot. Summ. J. Ex. 1 First Reqs. Admis. at 6–11.)

Given the above admissions and certain of the exhibits on file, and the fact that Defendant has not come forward with any contrary evidence, the Court finds that Defendant was aware that Machine, Inc. had failed to pay withholding taxes for the second, third, and fourth quarters of 1993, and the first and second quarters of 1994. Shepherd admits that he signed the company's Form 941 for these quarters, and the attached exhibits show his signature on these forms. All of these returns indicated that the company owed an outstanding balance. *See id.* Exs. 4–8.

However, whether the proffered admissions prove that Shepherd was aware of Machine, Inc.'s outstanding tax liability for the fourth quarter of 1991, the third quarter of 1992, and the first quarter of 1993 is a more difficult question. The admissions are vaguely phrased and do not precisely state that Shepherd was aware of these delinquencies; nevertheless, the Court finds that the admissions do establish that Shepherd had knowledge of the company's outstanding liability for these quarters.

Shepherd admits that he became aware of delinquent federal payroll taxes in July of 1992, which is in the third quarter of 1992. The Court finds that this admission establishes that Shepherd was aware of the tax liability for the fourth quarter of 1991. While Shepherd does not specifically state this, the "delinquent federal payroll taxes" referred to in the United States' request for

---

**5.** The only factor missing is ownership of a substantial amount of stock in the company. While Plaintiff asserts that Defendant was the majority shareholder, (*see* Pl.'s Mot. Summ. J. at 20), Plaintiff has submitted no proof to support this assertion.

admission obviously pertains to the fourth quarter of 1991 since this is the only delinquent quarter prior to July of 1992 that is at issue.

The Court also finds that Shepherd had knowledge of the outstanding tax liability for the third quarter of 1992 and the first quarter of 1993. Shepherd admits that he had discussions with David Hale regarding Machine, Inc.'s delinquent tax liability during the periods at issue. While Plaintiff's request for admission is awkwardly phrased, it is obvious that Plaintiff was asking Defendant to admit that he had had discussions with Hale regarding the company's delinquent taxes for the quarters at issue. By admitting that he had had discussions about these delinquencies, Shepherd is admitting that he had knowledge of these delinquencies. Thus, the Court finds from this admission that Shepherd was also aware of the third quarter of 1992 and the first quarter of 1993 delinquencies.

In addition, there is other evidence of Defendant's knowledge. Shepherd admits that he reviewed the payroll tax returns for the corporation. While Plaintiff's request for admission does not specify the quarters of these tax returns or the time frame in which Shepherd reviewed these returns, it is obvious that the request for admission pertains to the tax returns for the quarters at issue and a time frame prior to the IRS's assessment. Accordingly, Shepherd admits that he reviewed the payroll tax returns for the quarters at issue during the time frame at issue; thus, Shepherd was, presumably, aware of the delinquencies for all of the quarters at issue.

Finally, Defendant admits that he was in charge of the financial decisions of the corporation. This admission, in conjunction with other evidence of Defendant's status within the corporation, *see supra* at pp. 968–969, constitutes strong circumstantial proof that Shepherd was aware of the company's delinquent taxes for all of the quarters at issue. That is, given Shepherd's status within Machine, Inc., logic dictates that Shepherd would have, at a minimum, been aware that the company was not paying its withholding taxes. In fact, it seems likely, given Shepherd's status, that Shepherd, himself, would have made the decisions not to pay the withholding taxes.

In light of all of the above evidence, the Court finds that Shepherd was aware that Machine, Inc. had failed to pay withholding taxes for *all* of the quarters at issue, including the fourth quarter of 1991, the third quarter of 1992, and the first quarter of 1993.

Even if there were not sufficient evidence to establish that Defendant was aware of the third quarter of 1992 and the first quarter of 1993 delinquencies, the Court would still find that Shepherd willfully failed to pay the taxes for these quarters. Willfulness may also be established if the responsible person acted with reckless disregard of a known or obvious risk that withholdings would not be paid over to the government. *Gustin,* 876 F.2d at 492 (citing *Wood v. United States,* 808 F.2d 411, 415 (5th Cir.1987)). Mere negligence does not, however, establish willfulness under the statute. *Id.* (citing *Feist v. United States,* 221 Ct.Cl. 531, 607 F.2d 954, 961 (Ct.Cl.1979); *Dudley v. United States,* 428 F.2d 1196, 1200 (9th Cir.1970)).

The Court has found, in this instance, that Defendant was aware of the delinquent taxes for the fourth quarter of 1991. Shepherd became aware of this delinquency in the third quarter of 1992. The Court has also found that Defendant was aware of the delinquent taxes for the second, third, and fourth quarters of 1993, and the first and second quarters of 1994. Further, after Shepherd became aware of the fourth quarter 1991 delinquency in the third quarter of 1992, Machine, Inc. only paid its withholding taxes one time (i.e., for the fourth quarter of 1992) during the remaining periods at issue; and Shepherd was definitely aware of five out of six of these delinquent quarters.

■ Given the company's poor history of paying its withholding taxes and Shepherd's established knowledge of much of this history, Shepherd should have investigated and concluded whether the company's withholding taxes had been paid for the third quarter of 1992 and the first quarter of 1993 even if he were not aware of any delinquencies as to these quarters. The Court finds, as a matter of law, that, under these circumstances, a

failure to inquire on Shepherd's part amounts to a reckless disregard of a known or obvious risk that withholding taxes would not be paid over to the government. *See id.* at 493 (implying that recklessness can be found as to later quarters, even without knowledge of lack of payment, if party knew that company had been delinquent on their taxes in prior quarters).

Thus, even if the evidence did not establish that Shepherd was aware of the third quarter of 1992 and the first quarter of 1993 delinquencies, the Court would still find willfulness as to these quarters because Shepherd recklessly disregarded whether these taxes would be paid over to the government.

Finally, for purposes of Plaintiff's summary judgment motion, it is not even essential that the United States prove that Shepherd was aware of the delinquent taxes for the quarters at issue. That is, the moving party on summary judgment has no burden to negate or disprove matters on which the nonmoving party will have the burden of proof at trial. In fact, the moving party need not produce any evidence at all on those matters. *See Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. at 2553–54. The moving party meets its burden simply "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552. In such a situation, there is no genuine issue as to any material fact "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23, 106 S.Ct. at 2552.

■ In this instance, Defendant bears the burden of proving lack of willfulness. The record on summary judgment appears to contain all of the evidence acquired in this case, and there is absolutely no evidence which suggests that Shepherd's failure to pay over the withheld taxes was not willful. This total absence of proof suffices to support Plaintiff's motion for summary judgment and to shift the burden of production to Defendant. *See Cray Communications, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 394 (4th Cir.1994) (shifting burden of production to nonmovant where movant had asserted that nonmovant could offer no evidence to prove essential element of its claim and movant had described evidence available), *cert. denied,* 513 U.S. 1191, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995). Despite the burden of production having shifted, Shepherd has failed to come forward with any evidence tending to show that his failure to pay the taxes was not willful.

Accordingly, Plaintiff would be entitled to summary judgment in this instance even if it could not prove that Shepherd was aware of all of the delinquencies because Shepherd has failed to establish his lack of willfulness, an element essential to his case and on which he will bear the burden of proof at trial. *See Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552; *Cray Communications, Inc.,* 33 F.3d at 394; *see also Morgan v. United States,* 937 F.2d 281, 285 (5th Cir.1991) (placing burden on nonmovant to come forward with evidence showing he was not a responsible person because nonmovant beared the burden at trial of proving he was not a responsible person).

■ The Court does not rely, however, on the fact that Defendant has failed to come forward with any evidence to support his lack of willfulness as its basis for summary judgment because it finds, in this instance, that Plaintiff has proven Defendant's willfulness. As discussed above, the evidence indicates that Shepherd was aware of Machine, Inc.'s delinquencies as to all of the quarters at issue. The evidence also indicates that Shepherd, rather than paying the IRS the money that the company owed it, paid off other creditors instead.

Shepherd admits that after he signed each of the tax returns for the second, third, and fourth quarters of 1993, and the first and second quarters of 1994, he authorized payment of company expenses, company payroll, or company obligations instead of authorizing

the payment of those same funds to the IRS for the payment of the delinquent tax amounts reported on the company's Form 941 returns. (*See* Pl.'s Mot. Summ. J. Ex. I First Reqs. Admis. at 9–12.) Also, Shepherd presumably authorized these payments with the knowledge that the delinquent taxes from the previous quarters, i.e., the fourth quarter of 1991, the third quarter of 1992, and the first quarter of 1993, remained unpaid.

Yet, once Shepherd became aware of the company's tax liabilities, he had a duty to ensure that the taxes were paid before any payments were made to other creditors. *See Barnett,* 988 F.2d at 1457. It is undisputed that Shepherd failed to do so. Accordingly, the Court finds that Shepherd willfully failed to pay over withholding taxes for all of the periods at issue.

### CONCLUSION

Having found that Shepherd was a responsible person during the periods at issue who willfully failed to pay over withholding taxes for those quarters, the Court concludes that Plaintiff is entitled to summary judgment against Defendant on its counterclaim.

In its motion for summary judgment, the United States requests $141,585.88, plus interest, for the money owed from the quarters at issue. However, in its motion, the United States does not explain how it derived this dollar amount; nor does it include any evidence to establish these damages. Accordingly, the Court, hereby, instructs Plaintiff to submit evidence, in proper summary judgment form, to establish the amount of damages in this action. Such evidence should be submitted within ten (10) days of the file-stamped date on this order.

As to all other issues presently before the Court, Plaintiff's Motion for Summary Judgment Against Defendant John Shepherd is, hereby, GRANTED.