CRAY COMMUNICATIONS, INC., formerly known as Dowty Communications, Incorporated, Plaintiff–Appellee,

v.

NOVATEL COMPUTER SYSTEMS, INC., Defendant–Appellant.

No. 93–2413.

United States Court of Appeals, Fourth Circuit.

Argued May 12, 1994.

Decided Aug. 31, 1994.

**ARGUED:** William Norman Rogers, Rockville, MD, for appellant. Eric Alan Deutsch, Testa, Hurwitz & Thibeault, Boston, MA, for appellee. **ON BRIEF:** Thomas M. Goss, Goodell, Devries, Leech & Gray, Baltimore, MD, for appellee.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and ERWIN, Senior United States District Judge for the Middle District of North Carolina, sitting by designation.

Affirmed by published opinion. Judge MURNAGHAN wrote the opinion, in which Judge NIEMEYER and Senior District Judge ERWIN joined.

## OPINION

MURNAGHAN, Circuit Judge:

Appellee, Dowty Communications, Inc. ("Dowty"), now known as Cray Communications, Inc., brought a diversity action, sounding in contract, against appellant Novatel Computer Systems, Inc. ("Novatel"). Novatel counterclaimed, alleging fraud and breach of contract. Dowty moved for partial summary judgment on Novatel's counterclaims. The district court granted Dowty's motion, dismissed Novatel's fraud counterclaim for lack of evidentiary support, and limited any potential recovery on Novatel's contract counterclaim to those remedies expressly provided for in the parties' contract. Novatel moved for permission to supplement the record and for reconsideration. The district

court denied Novatel's motion, and Novatel appealed.

## I

Dowty designs, manufactures, sells, and supports telecommunications equipment. Novatel, among other things, sold communications equipment to "end users." Dowty and Novatel entered into a Master Distributor Agreement ("the Agreement"), under which Novatel became a non-exclusive distributor of a Dowty product known as the "Series DCP9506 T–1 network access multiplexers." Novatel intended to purchase the multiplexers from Dowty and then distribute them to end users under the Novatel logo and name.

In the Agreement, Dowty warranted that its products and repair work would be free from defects in material and workmanship for a specified period. Dowty made no other warranties, express or implied. Novatel and Dowty also agreed to limit Dowty's liability: the Agreement expressly restricted Novatel's remedies to the repair or replacement of defective products or to a refund of the purchase price (or of the cost of repair). The Agreement also precluded Novatel from recovering consequential, incidental, special, or punitive damages.

Pursuant to the Agreement, Dowty shipped multiplexers to Novatel, submitted invoices to Novatel, and repeatedly demanded payment from Novatel. Novatel refused to pay, and alleged that Dowty was late in shipping the units and that the units Dowty did ship did not function as promised. Dowty has denied those allegations.

Dowty filed the instant diversity action in the United States District Court for the District of Maryland for recovery of monies due on account and for breach of contract.[1] Dowty sought actual damages of $434,247. Novatel filed an answer denying liability and asserted counterclaims for fraud and breach of contract, seeking $2,000,000 in actual damages and $3,000,000 in punitive and exempla-

---

1. Dowty also alleged causes of action for breach of the implied covenant of good faith and fair dealing and for quantum meruit. Those claims were subsequently dismissed voluntarily.

ry damages.[2] The parties engaged in extensive discovery, including the production of more than 100,000 documents and the taking of seventeen depositions comprising twenty-seven volumes of testimony.

On July 27, 1992, Dowty filed a motion for partial summary judgment and a supporting memorandum, along with a request for a hearing. Attached to the memorandum was an affidavit from Dowty's local attorney and several exhibits, most of which were not properly authenticated. Dowty's motion sought an order granting summary judgment in its favor on Novatel's claims insofar as those claims sought relief other than the remedies expressly provided for in the parties' Agreement, namely, repair or replacement of the multiplexer products or a refund of their purchase price. Dowty's memorandum in support of its motion also alleged that Novatel lacked sufficient evidence to establish the essential elements of its fraud claim. Therefore, Dowty requested partial summary judgment as to Novatel's contract claim and full summary judgment as to the fraud claim.

Novatel requested and obtained several extensions to respond to Dowty's summary judgment motion. On September 18, more than seven weeks after Dowty's motion had been filed, Novatel filed its memorandum in opposition. Novatel attached no affidavits, deposition excerpts, answers to interrogatories, admissions on file, or authenticated documents. Only an unauthenticated eleven-page chart, which was entitled "DCP9500 Systems Failure Analysis" and which was apparently generated during the course of the litigation, was attached to Novatel's memorandum. The memorandum neither challenged the admissibility of the evidentiary materials that Dowty had attached to its motion nor argued that Dowty had failed to shift the burden of production to Novatel. Rather, it attempted to address Dowty's motion on the merits.

On September 29, 1992, Dowty submitted a reply memorandum in which it argued that Novatel had failed to meet its burden of production under Rule 56 of the Federal Rules of Civil Procedure. Novatel did not submit any further briefing or evidence in opposition to Dowty's summary judgment motion, nor did it seek leave to do so.

On October 19, 1992, without holding a hearing, the district court filed a memorandum opinion and order granting Dowty's motion for partial summary judgment. *Dowty Communications Inc. v. Novatel Computer Sys. Corp.*, 817 F.Supp. 581, 582–92 (D. Md. 1992). Novatel filed a motion to reconsider and to permit Novatel to supplement the record with an accompanying affidavit of Daniel D. Pearlson, Novatel's president and chief executive officer. The district court denied Novatel's motion. *Id.* at 592–96. Subsequently, the court entered final judgment disposing of all claims in the case. Novatel filed a timely notice of appeal.

## II

In its fraud claim, Novatel alleged that Dowty had fraudulently induced it to purchase equipment by making several misrepresentations.[3] Novatel claimed that (1) Dowty knew that those representations were false when it made them; (2) Dowty continued to make such false representations in order to secure Novatel's order; (3) Novatel would not have entered into the Agreement if Dowty had not made the misrepresentations; and (4) as a direct result, Novatel was "ruined."

Dowty moved for summary judgment, asserting that Novatel could produce *no* evidence (let alone the requisite "clear and convincing evidence") to establish the essential element of intent to defraud. Dowty's memorandum in support of the motion challenged Novatel to "come forward with specific evi-

---

**2.** Novatel also raised counterclaims for breach of the implied covenant of good faith and fair dealing and for intentional interference with prospective business advantage. It subsequently abandoned those claims.

**3.** While negotiating with Novatel, Dowty allegedly represented that (1) the DCP9506 product had all the same features and functions as the more expensive multiplexer that Dowty had initially, and unsuccessfully, marketed to Novatel (the DCP9400); (2) the DCP9506 and the DCP9400 used compatible components, software, and hardware; (3) the DCP9506 product was functional; and (4) Dowty had already begun "beta testing" the product (*i.e.*, testing the product at a customer location rather than in a laboratory).

dence that shows that, at the time any of the alleged representations [about the quality or characteristics of its products] were made, Dowty did not intend to produce equipment conforming to those representations." In response, Novatel failed to produce any such evidence, and also failed to present any argument that it was not required to do so. Not surprisingly, Dowty's reply memorandum highlighted those failures.

The district court dismissed Novatel's fraudulent-misrepresentation claim on the ground that it was not supported by sufficient evidence to create a genuine issue of material fact. *See* 817 F.Supp. at 590–92. The court concluded that Novatel had

> neither produced nor alluded to any factual support for its allegations concerning the representations supposedly made by Dowty. While it would not have been difficult for Novatel to attach an affidavit or deposition of its President outlining his version of the contractual negotiations, this Court, in the absence of such a minimal showing, will not attempt to infer what representations, if any, were actually made.

*Id.* at 591.

On its motion for reconsideration and again on appeal, Novatel has claimed that the district court misunderstood, and therefore misapplied, the Supreme Court's seminal summary judgment decision in *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Specifically, Novatel has argued that Dowty was required to support its summary judgment motion with evidence tending to *negate* Novatel's fraud claim; when Dowty failed to submit such evidence, Novatel was excused from its burden of producing any contrary evidence.[4]

Novatel has gotten the holding of *Celotex* precisely backwards. Indeed, Novatel's understanding of the Rule 56 standard for summary judgment is virtually indistinguishable from that of the D.C. Circuit in *Celotex*—

which the Supreme Court squarely rejected. *See Celotex,* 477 U.S. at 319–28, 106 S.Ct. at 2550–55, *rev'g Catrett v. Johns–Manville Sales Corp.,* 756 F.2d 181, 184–85 (D.C.Cir. 1985).

In *Celotex,* the district court had entered summary judgment for the defendant. The D.C. Circuit reversed because the defendant had failed to support its motion for summary judgment with evidence tending to negate the plaintiff's claim. The Supreme Court reversed, upholding the district court's entry of summary judgment:

> Under Rule 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

477 U.S. at 322–23, 106 S.Ct. at 2552.

As a leading treatise on federal procedure explains, under *Celotex,* "the moving party on a summary judgment motion need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case." 10A Charles

---

4. The district court described Novatel's theory as follows:

> Novatel asserts ... that it had no obligation to submit admissible factual evidence in support of its counterclaims and in opposition to Dowty's [summary judgment] motion because Dowty had not properly supported its motion with evidence. Novatel's syllogism concludes that because Dowty never shifted the burden of production to Novatel, Novatel's failure to comply with the procedural requirements of Rule 56(e) cannot provide a justification for summary judgment against it.

817 F.Supp. at 592.

Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2720, at 10 (2d ed. Supp.1994); *see Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554 ("[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

The Supreme Court has recently reiterated the point:

> *Celotex* made clear that Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case; to the contrary, "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied."

*Lujan v. National Wildlife Fed'n,* 497 U.S. 871, 885, 110 S.Ct. 3177, 3187, 111 L.Ed.2d 695 (1990) (quoting *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553); *see Edwards v. Aguillard,* 482 U.S. 578, 595 n. 16, 107 S.Ct. 2573, 2584 n. 16, 96 L.Ed.2d 510 (1987) ("There is 'no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim.'" (quoting *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2553)); *see also Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 216 (4th Cir. 1987).

The district court here applied *Celotex* properly. Dowty's opening memorandum in support of its summary judgment motion stated that "Novatel can offer no evidence that before entering into the Agreement, Dowty made any representations which it knew to be false at the time that such alleged representations were made." Dowty's memorandum went on to state that "Novatel deposed no less than thirteen Dowty employees and Dowty produced thousands of pages of documents, yet not one piece of Dowty deposition testimony nor one single Dowty document supports Novatel's fraud claim." Those statements alone sufficed to support Dowty's motion for summary judgment and to shift the burden of production to Novatel. *See* Fed.R.Civ.P. 56(e);[5] *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

In its opposition, Novatel made no effort to call the court's attention to evidence in the record that Dowty had overlooked. It placed before the district court not a single affidavit, deposition, answer to an interrogatory, or admission on file. Novatel's legal memorandum devoted fewer than three pages to the fraud claim and did not refer the district court to any competent record evidence. Thus, Novatel failed to satisfy its burden of production under Rule 56, as interpreted in *Celotex* and its progeny.

The posture of the case at the time of summary judgment made Novatel's complete failure of proof particularly unsatisfactory: as Novatel has itself admitted, when the summary judgment motion was made, extensive discovery had already resulted in the production of more than 100,000 documents and the taking of seventeen depositions (thirteen from Dowty employees), which filled twenty-seven volumes. Novatel did not request a continuance to take additional depositions, to obtain affidavits, or to have any further discovery. *See* Fed.R.Civ.P. 56(f). Novatel was not "in any sense 'railroaded' by a premature motion for summary judgment." *Celotex,* 477 U.S. at 326, 106 S.Ct. at 2554. It had a full and fair opportunity to discover relevant evidentiary material and to present that material to the court. Novatel simply failed to seize the opportunity. Therefore, we agree with the district court's conclusion that Novatel "failed to submit, in accordance with Fed.R.Civ.P. 56, factual support for each element" of its fraud claim, and that Dowty was entitled to summary judgment. 817 F.Supp. at 591.

---

5. Rule 56(e) provides, in part:
   When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.
   Fed.R.Civ.P. 56(e).

### III

■ Novatel, however, has sought a second bite at the apple: after the district court entered summary judgment in favor of Dowty, Novatel moved for permission to supplement the record and for reconsideration. The district court denied the motion. We review the district court's ruling for an abuse of discretion. *See Orsi v. Kirkwood,* 999 F.2d 86, 91 (4th Cir.1993); *International Longshoremen's Ass'n v. Cataneo Inc.,* 990 F.2d 794, 800 (4th Cir.1993); *RGI, Inc. v. Unified Indus., Inc.,* 963 F.2d 658, 662 (4th Cir.1992); *Boryan v. United States,* 884 F.2d 767, 771 (4th Cir.1989).

■ Novatel sought to supplement the record with an affidavit of Daniel D. Pearlson, Novatel's president and chief executive officer, and thirty-one exhibits attached thereto. Novatel did not claim that the affidavit or exhibits were "newly discovered evidence" or had otherwise been "unavailable" prior to the entry of summary judgment. Instead, Novatel's memorandum explained that its lawyer had thought it "unnecessary" to attach the affidavit and exhibits to the original opposition memorandum, and argued that Novatel should not be prejudiced by the advice of its attorney.

We reject Novatel's argument, for the same reasons that we rejected a virtually identical argument by the plaintiff-appellant in *RGI, Inc.,* 963 F.2d at 660–62. In *RGI, Inc.,* the defendants made and properly supported a motion for summary judgment. RGI opposed the motion with a single affidavit. The district court held that RGI's affidavit was merely conclusory and was therefore insufficient to raise a genuine issue of material fact. Accordingly, the court granted summary judgment to the defendants. RGI moved for reconsideration and, in an effort to set forth specific facts showing that there was a genuine issue for trial, attached to its motion a "supplemental" affidavit of its president. The district court refused even to consider the supplemental affidavit, on the ground that RGI had failed to provide a legitimate justification for not presenting it earlier, during the summary judgment proceedings. The court denied the motion for reconsideration, and RGI appealed. *See id.*

On appeal, RGI argued that it had "misunderstood" the burden of production that had been placed on it by the defendants' motion for summary judgment. Notwithstanding that argument, we affirmed the district court's judgment. In doing so, we explained that a district court, in its discretion, could accept new evidentiary material that was attached to a party's reconsideration motion *if* the party could justify its failure to submit the material prior to the entry of summary judgment. The mere fact that the party "misunderstood" its burden of production under Rule 56, however, was not a legitimate justification. Absent such a justification, the district court could, within its discretion, completely ignore the new evidentiary material. *See id.* at 662.

Novatel attempts to justify the late submission of its president's affidavit by referring to its *lawyer's* mistaken understanding of Rule 56, as interpreted in *Celotex* and its progeny. Novatel contends, in essence, that dismissal of its fraud claim because of its counsel's mistake imposes an unjust penalty on the client. As Justice Harlan once explained, such contentions are "wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of [its lawyer]." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962); *see also id.* at 634 n. 10, 82 S.Ct. at 1390 n. 10 ("[K]eeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the *defendant.*"). Novatel has provided no legitimate justification for failing to present the Pearlson affidavit and exhibits during the summary judgment proceedings. Therefore, the district court was well within its discretion in refusing to consider those materials.

■ Furthermore, as the district court noted in its opinion, Novatel's memorandum in support of its motion for reconsideration did "not direct the Court to specific factual evidence [in the Pearlson affidavit or exhibits] tending to create a genuine dispute over a material fact." 817 F.Supp. at 595 n. 3. By failing to cite any specific, relevant facts in the supplemental evidentiary materials, Novatel effectively left to the district judge the unenviable task of poring over the 25 pages

of affidavit and the 117 pages of attached exhibits in search of bits of evidence that could preclude summary judgment. Even assuming *arguendo* that the district court had some duty to consider the affidavit and exhibits, it would have remained well within its discretion in refusing to ferret out the facts that counsel had not bothered to excavate. Therefore, we affirm the district court's denial of Novatel's motion for permission to supplement the record and for reconsideration.

## IV

Novatel also has argued that the district court should not have granted summary judgment without giving it an opportunity to respond to the argument in Dowty's reply memorandum concerning the burdens of production under Rule 56. Specifically, Novatel has asserted that the district court should have either requested further briefing from Novatel or held a hearing. The district court's actions here are reviewable only for an abuse of discretion. *See Coakley & Williams Constr., Inc. v. Structural Concrete Equip., Inc.*, 973 F.2d 349, 352 (4th Cir.1992).

There is no absolute requirement that a ruling on a motion for summary judgment be preceded by a hearing. *Sakaria v. Trans World Airlines*, 8 F.3d 164, 169 (4th Cir.1993), *cert. denied*, — U.S. —, 114 S.Ct. 1835, 128 L.Ed.2d 463 (1994); *Langham–Hill Petroleum, Inc. v. Southern Fuels Co.*, 813 F.2d 1327, 1330 (4th Cir.), *cert. denied*, 484 U.S. 829, 108 S.Ct. 99, 98 L.Ed.2d 60 (1987). Local Rule 105.6 of the United States District Court for the District of Maryland specifically provides: "Counsel may (but need not) file a request for hearing. Unless otherwise ordered by the Court, however, all motions shall be decided on the memoranda *without a hearing.*" Loc. R. 105.6, U.S. Dist. Ct. for the Dist. of Md. (emphasis added). Following the submission of Dowty's reply memorandum in support of its summary judgment motion, Novatel did not seek leave to submit any further briefing or evidence in opposition. Therefore, the district court clearly did not abuse its discretion in deciding Dowty's summary judgment motion on the basis of the papers before it.

## V

Finally, Novatel has argued that the district court erred in granting partial summary judgment as to its claim for breach of contract. The court limited any potential recovery on that claim "to the warranties and promises made within the four corners" of the Agreement, *i.e.*, "to the cost of repairing or replacing the multiplexers, or to a refund of the purchase price." 817 F.Supp. at 592. For the reasons set forth in the district court's opinion, *see id.* at 585–89, we affirm the ruling on Novatel's contract claim.[6]

## VI

Accordingly, the judgment of the district court is

*AFFIRMED.*

---

6. Novatel's opening brief on appeal barely attempted to critique the district court's reasoning with regard to the contract claim. Indeed, throughout its briefs, the appellant repeatedly failed to engage the opinion of the district court. That failure stems at least in part from Novatel's use of a practice that has been consistently and roundly condemned by the Courts of Appeals: the appellant's briefs merely adopted by reference the memoranda that it had previously filed in the district court. *See* 16 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3974, at 733 & 742 n. 27.7 (2d ed. Supp.1994) (collecting cases criticizing that practice); *Avol v. Secretary of Health and Human Servs.*, 883 F.2d 659, 661 (9th Cir.1989) (levying a $500 sanction against an appellant's attorney whose principal brief repeatedly referred the Court of Appeals to a lengthy memorandum of points and authorities that had been filed in the district court); *United States v. Bales*, 813 F.2d 1289, 1297 (4th Cir. 1987) (noting that the Courts of Appeals "have stated that arguments incorporated by reference need not be considered on appeal"); *Prudential Ins. Co. v. Sipula*, 776 F.2d 157, 161 n. 1 (7th Cir.1985) (The practice of adopting the memoranda filed in the district court and incorporating them by reference in the appellate brief "is ill-advised ·from the point of view of effective advocacy, as it unnecessarily confuses and diffuses the issues presented. The posture and focus of [the] case has changed substantially on appeal and many of the arguments made below are now irrelevant.").

Dowty has urged us to hold that Novatel's "incorporation-by-reference" technique violates Rule 28(a)(5) of the Federal Rules of Appellate Procedure and thus constitutes a waiver of the

arguments advanced by Novatel. Because the arguments that Novatel presented to the district court and later incorporated by reference into its appellate briefs lack merit, we need not address the question of whether those arguments were improperly presented in the appellant's briefs.