UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

FIRST BANK OF MISSOURI, formerly
known as First Bank of Gladstone,
<u>Plaintiff-Appellee,</u>

v.                                                                              No. 96-1024

BAC O'FLINT LIMITED PARTNERSHIP, a
Maryland Limited Partnership,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CA-95-2090-DKC)

Submitted: December 12, 1996

Decided: December 23, 1996

Before MURNAGHAN, NIEMEYER, and LUTTIG,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel I. Sher, Sandra A. Manocchio, SHAPIRO & OLANDER, Balti-
more, Maryland, for Appellant. Harry C. Storm, Eric J. Posner,
ABRAMS, WEST & STORM, P.C., Bethesda, Maryland, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bac O' Flint Limited Partnership (Bac O' Flint) appeals from the district court's order granting summary judgment to the First Bank of Missouri (Bank). For the reasons that follow, we affirm.

The following facts are undisputed. Bac O' Flint executed to the Bank a promissory note (note) in the amount of $5.75 million secured by a deed of trust, security agreement, and assignment of rents and financing statement (deed of trust) on real property located in Maryland.* After Bac O' Flint defaulted on the note, the Bank instituted a foreclosure action against the property. Bac O' Flint in turn voluntarily filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. The parties thereafter filed a joint stipulation and order (joint order), approved by the bankruptcy court, to lift the automatic stay to permit the Bank to foreclose upon the deed of trust on the property. The joint order also stipulated that the Bank would not foreclose on the property if Bac O' Flint delivered to the Bank an executed contract for the sale of the property for a price sufficient to net the Bank $2.85 million. Specifically, the joint order read, "[u]pon receipt of $2.85 million from settlement of the Contract, the Bank will execute a deed of partial release to release its lien as to the Property, but not as to any other property described in said Deed of Trust." Bac O' Flint did deliver a contract conforming with the joint order and thereafter dismissed its bankruptcy proceedings. The Bank then obtained summary judgment in the district court on its action to recover the remaining amount due on the note. This appeal followed.

Bac O' Flint alleges on appeal that the Bank agreed to forgo the

_____

*The note was originally held by Metro State North Bank for $5 million but was later modified to $5.75 million and assigned to the First Bank of Missouri.

remainder of the debt once it received the proceeds of the $2.85 million sale of the property, e.g. the $2.85 million payment represented an accord and satisfaction of the note. As evidence of this agreement, Bac O' Flint provided the district court with an affidavit by its general partner, Harvey Blonder, who averred that he had an oral agreement with an unnamed person at the Bank to this effect. The district court warned Bac O' Flint in a telephonic conference that Mr. Blonder's bare assertion, in an affidavit, that the $2.85 million dollar payment would settle the entire debt was insufficient to establish a material factual dispute as to the debt. Nonetheless, in the later hearing on the summary judgment motion, Bac O' Flint still failed to even proffer the name of the person with whom Mr. Blonder had allegedly made such an agreement, notwithstanding the fact that the Bac O' Flint attorney admitted that discovery efforts had not been impeded by the Bank.

We find that the district court properly granted the Bank summary judgment because viewing the evidence in the light most favorable to the nonmoving party there was no genuine issue of material fact in dispute regarding the debt, Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986), and because Bac O' Flint failed to show the existence of its affirmative defense. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (the party who bears the burden of proof on a particular claim must factually support each element); Barwick v. Celotex Corp., 736 F.2d 946, 958-59 (4th Cir. 1984) ("[a] mere scintilla of evidence is not enough to create a fact issue"). We also find that the district court did not abuse its discretion by denying Bac O' Flint a third chance to identify the person who allegedly agreed to an oral accord and satisfaction of the entire debt. See Hughes v. Bledsoe, 48 F.3d 1376, 1382 (4th Cir.) (citing Cray Communications, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 395-96 (4th Cir. 1994), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3641-42 (U.S. Feb. 27, 1995) (No. 94-1184)), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3221, 3245 (U.S. Oct. 2, 1995) (No. 95-215). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and further argument would not aid the decisional process.

AFFIRMED

3