**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALONSO GOMEZ,
Plaintiff-Appellant,

v.                                                          No. 97-1025

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-95-3346-JFM)

Submitted: March 31, 1998

Decided: April 20, 1998

Before MURNAGHAN, ERVIN, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John A. Austin, Towson, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Earle B. Wilson, Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alonso Gomez appeals from the district court's orders granting summary judgment to the United States and denying his motion to alter, revise, or amend the judgment filed pursuant to Fed. R. Civ. P. 59. For the following reasons, we affirm.

A district court's grant of summary judgment, as a question of law, is reviewed de novo. See Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). A summary judgment movant must demonstrate that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). In considering a motion for summary judgment, a district court should view the evidence in light of the pleadings, drawing all facts and inferences in favor of the non-moving party. See Anderson, 477 U.S. at 255 (citing Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970)); Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). The non-moving party is entitled to have the credibility of all its evidence presumed. See Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990).

Before the non-moving party must face the burden of demonstrating the existence of a triable issue of fact, the movant must meet its burden of showing the absence of evidence to support the non-movant's case. See Celotex, 477 U.S. at 325; Cray Communications, Inc. v. Novatel Computer Sys., Inc., 33 F.3d 390, 393-94 (4th Cir. 1994). The existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported summary judgment motion. See Anderson, 477 U.S. at 247; Thompson Everett, Inc. v. National Cable Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995). Rather, the evidence must be sufficient to "return a verdict" at trial for the party opposing the entry of judgment. Anderson, 477 U.S. at 249. The non-moving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985).

2

The evidence, viewed in the light most favorable to Gomez, showed that in November 1990, Drug Enforcement Agency (DEA) Agent Kenneth Johnston received information that a Colombian male, who was subsequently identified as David Lucumi, wished to purchase twenty kilograms of cocaine in Baltimore, Maryland. On November 26, 1990, DEA Agent Emil Marrero initiated contact by telephone with Lucumi to commence a reverse undercover purchase of cocaine, whereby Marrero would sell drugs to Lucumi. Over the next two days, Marrero and Lucumi engaged in several telephone conversations to plan the sale of the cocaine. Lucumi and Marrero arranged to meet in the Fells Point area of Baltimore.

While traveling to Baltimore on November 28, Lucumi spoke to Marrero over a cellular phone about consummating the drug transaction. When Lucumi arrived at the designated location, he was driving an Oldsmobile and Gomez was accompanying him in the passenger seat of the vehicle. They came with another individual later identified as Horacio Zapata, who followed them to Baltimore in a mini-van. Marrero observed Lucumi and Gomez approach him as he sat on a park bench. However, only Lucumi continued to approach Marrero.

After discussing the drug purchase money, Marrero and Lucumi walked to Lucumi's vehicle so that Lucumi could display the drug purchase money to Marrero. When they arrived at Lucumi's vehicle, Gomez was standing on the passenger side of the vehicle. Lucumi told Gomez to "open it." After Lucumi made this command, Gomez entered the vehicle through the passenger door and sat down; Marrero heard a "pop" sound. Believing that the trunk had opened when he heard the "pop" sound, Marrero walked towards the trunk of Lucumi's vehicle. Lucumi redirected Marrero to a hidden compartment containing money, which had been opened in the left rear interior corner of Lucumi's vehicle. Gomez remained in Lucumi's vehicle when the money was shown to Marrero. After the money was displayed by Lucumi, he and Marrero walked to another vehicle ostensibly to retrieve the cocaine, and thereafter, Marrero gave a signal and Lucumi was arrested. Shortly thereafter, Gomez and Zapata were arrested.

In December 1990, a magistrate judge held a preliminary hearing and found that there was probable cause to hold Gomez for the action

3

of the grand jury for the offense of conspiracy to possess cocaine with intent to distribute. Gomez was indicted and later convicted after a jury trial for conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846 (1994). See United States v. Gomez, No. 91-5101 (L) (4th Cir. June 29, 1992) (unpublished). Lucumi pled guilty to the same offense. Id.

Gomez appealed his conviction to this court claiming that the evidence submitted to the jury was insufficient to establish the existence of a conspiracy in which he participated, and thus, the trial court erred in denying his motion for a judgment of acquittal. Id. This court found that, viewed in the light most favorable to the Government, the evidence was sufficient to allow a rational trier of fact to conclude that Gomez knew of, and participated in, the conspiracy. Id. Gomez subsequently moved for a new trial on the basis of newly discovered evidence. Gomez submitted that Lucumi would testify that, after Lucumi's arrest, he told DEA agents that Gomez had no knowledge of and was not involved in the cocaine transaction. The district court granted the motion on September 24, 1993, and thereafter, the Government, with the district court's leave, dismissed the indictment against Gomez on September 30, 1993. Thus, Gomez's sentence and conviction were nullified and vacated.

In the present case, Gomez filed a complaint against the United States raising claims related to the facts surrounding his arrest on November 28, 1990, and subsequent incarceration. He claimed that he was maliciously prosecuted, falsely arrested and illegally and unlawfully imprisoned continuously from November 28, 1989, through September 24, 1993, that he suffered from the infliction of emotional distress, and suffered injury and damages based upon the Defendant's prima facie tort. Gomez filed a motion for summary judgment. The Government moved to dismiss or, in the alternative, for summary judgment, and opposed Gomez's motion for summary judgment. The district court granted summary judgment to the Government and denied Gomez's motion. Gomez filed a motion to alter, raise, or amend the judgment pursuant to Fed. R. Civ. P. 59, which the district court denied. Gomez timely appeals.

On appeal, Gomez claims that the district court erred by granting summary judgment when there existed an abundance of disputed

4

material facts, and basing the decision to grant summary judgment upon a consideration of two disputed facts that were not dispositive of the determination of the issue of probable cause to arrest. Gomez correctly acknowledges that to prevail on the summary judgment motion, he must prove that the DEA agents who arrested him acted without probable cause. He erroneously states, however, that the issue of probable cause rests upon whether Gomez knew about the hidden compartment containing the money prior to it being opened by Lucumi in his and Marrero's presence.

A review of relevant case law on probable cause, which Gomez fails to refer to in his argument on appeal, reveals that whether probable cause to arrest existed is determined from the perspective of the arresting officer at the time of the arrest. Probable cause exists if at the time of the arrest the facts and circumstances within the officer's knowledge would justify a prudent man's belief that the arrestee had committed or was committing an offense. See Beck v. Ohio, 379 U.S. 89, 91 (1964); United States v. Williams, 10 F.3d 1070, 1073-74 (4th Cir. 1993). Probable cause is evaluated based on the totality of the circumstances. See Illinois v. Gates, 462 U.S. 213, 238 (1983).

While probable cause requires more than "bare suspicion," it requires less than the evidence necessary to convict. See Brinegar v. United States, 338 U.S. 160, 175 (1949). It is an objective standard of probability that reasonable and prudent persons apply in everyday life. "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Id. Because probable cause is an objective test, we examine the facts within the knowledge of arresting officers to determine whether they provide a probability on which reasonable and prudent persons would act; we do not examine the subjective beliefs of the arresting officers to determine whether they thought that the facts constituted probable cause. See United States v. Han, 74 F.3d 537, 541 (4th Cir.), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3807 (U.S. June 3, 1996) (No. 95-8891). The determination of whether given facts amount to probable cause is a legal one that we review de novo. See United States v. Wilhelm, 80 F.3d 116, 118 (4th Cir. 1996). Of course, the factual determina-

5

tions themselves are given deference. See United States v. Gray, ___ F.3d ___, No. 96-4617, 1998 WL 76243, at *3 (4th Cir. 1998).

As the district court noted in this case, it is undisputed that, from the perspective of Marrero at the time of Gomez's arrest, Lucumi had engaged in conversations with Marrero about consummating a drug transaction over his cellular phone on the trip to Baltimore with Gomez sitting next to him and Lucumi told Gomez to "open it" around the same time that the secret compartment in the vehicle, containing the drug purchase money, popped open. We find that these undisputed facts provided the DEA agents with probable cause to arrest Gomez. It is immaterial that the parties dispute: (1) whether Lucumi had told Gomez and Zapata that he was driving to Baltimore to sell the Oldsmobile, (2) whether Gomez accompanied Lucumi in his capacity as a mechanic in case the vehicle developed mechanical problems or in case it was necessary for Gomez to verify to the potential purchaser that proper servicing had been done, (3) whether Gomez believed that Marrero was the person who was to buy the vehicle, (4) whether Gomez had no prior knowledge of the contemplated cocaine transaction, (5) whether Gomez had no knowledge of the hidden compartment or the money in the vehicle, (6) whether Gomez believed that Lucumi was directing him to open the passenger door when Lucumi said "open it," (7) whether Gomez opened the hidden compartment, or (8) whether Lucumi controlled the hidden compartment from the driver's side of the vehicle. It is also irrelevant that Lucumi told the DEA agents after his arrest that Gomez was unaware of the illegal purpose of the trip to Baltimore because the agents were not obligated to credit Lucumi's statement. Thus, the claims Gomez raises in this action are meritless and the district court correctly granted summary judgment to the United States.

Accordingly, we affirm the district court's orders granting summary judgment to the United States, denying Gomez's motion for summary judgment, and denying Gomez's Rule 59 motion.

AFFIRMED

6