**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

ANTHONY DIMARTINO; LARRY
DIMARTINO, t/a Baltimore Gunsmith,
 *Plaintiffs-Appellants,*

v.

BRADLEY A. BUCKLEY, Director,
Bureau of Alcohol, Tobacco and
Firearms; MARY JO HUGHES,
Director of Industry Operations,
 *Defendants-Appellees.*

No. 01-1166

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-00-1860-JFM)

Submitted: August 31, 2001

Decided: September 25, 2001

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Benjamin Lipsitz, Baltimore, Maryland, for Appellants. Stephen M.
Schenning, United States Attorney, Andrea Leahy-Fucheck, Assistant
United States Attorney, Baltimore, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony and Larry DiMartino, father and son, appeal the district court's order granting summary judgment in favor of the Bureau of Alcohol, Tobacco, and Firearms (ATF) and dismissing their petition for review of the ATF's final administrative decision denying the DiMartinos' applications for federal licenses to sell firearms. *See* 18 U.S.C.A. § 923(f)(3) (1994). The DiMartinos contend on appeal that the district court erred in granting summary judgment because there remained genuine issues of material fact with respect to the willfulness of their alleged violations of federal firearms laws and with respect to the extent of Larry DiMartino's involvement in those violations. The DiMartinos also suggest that the district court erred in declining to hold an evidentiary hearing and that the ATF's licensing procedure violates the Due Process Clause of the Constitution. Finding no merit to any of the DiMartinos' contentions on appeal, we affirm the district court's order.

A district court may grant summary judgment when reviewing a firearms license revocation pursuant to 18 U.S.C. § 923(f)(3), provided no issues of material fact are in dispute. *Cucchiara v. Secretary of Treasury*, 652 F.2d 28, 29-30 (9th Cir. 1981). This Court reviews an award of summary judgment de novo. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate when there is no genuine issue of material fact, given the parties' burdens of proof at trial. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996) (en banc).

However, the non-moving party may not rely upon the mere allegations of his complaint. Rather, his response must, with affidavits or other verified evidence, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994). If the adverse party fails to so respond, summary judgment, if appropriate, shall be entered. Fed. R. Civ. P. 56(e). After a review of the record and the evidence before the district court, we conclude that there was no genuine issue of material fact created by the evidence of record. Accordingly, the district court did not err in granting summary judgment in favor of the ATF.

Neither did the district court abuse its discretion in declining to hold an evidentiary hearing. *Perri v. Department of Treasury*, 637 F.2d 1332, 1335 (9th Cir. 1981). A good reason to hold such a hearing must either appear in the administrative record or be presented by the party petitioning for judicial review. *Stein's Inc. v. Blumenthal*, 649 F.2d 463, 466 (7th Cir. 1980). No such good reason appears in the record before us. Finally, the district court did not err in rejecting the DiMartinos' contention that the ATF's licensure procedure itself violated their due process rights because the agency combined the investigatory and adjudicatory roles in one entity. The district court correctly determined that this argument was foreclosed by the Supreme Court's holding in *Withrow v. Larkin*, 421 U.S. 35, 54-55 (1976).

Finding no error, we affirm the district court's order granting summary judgment in favor of the ATF and dismissing the petition. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*