Laura WASHINGTON, Plaintiff,

v.

Lawrence H. SUMMERS, Secretary, Department of Treasury, Defendant.

No. Civ.A. AW–01–CV–109.

United States District Court, D. Maryland, Southern Division.

March 29, 2002.

Laura Washington, College Park, MD, pro se.

Divya Bharadwaja, Office of U.S. Atty., Baltimore, MD, for defendant.

## *MEMORANDUM OPINION*

WILLIAMS, District Judge.

Pending before the Court is Defendant's unopposed Motion for Summary Judgment. No hearing is deemed necessary. *See* Local Rule 105.6. Upon consideration of the arguments made in support of, and opposition to, the respective motion, the Court makes the following determinations.

## I. *FACTUAL BACKGROUND*

Plaintiff, Laura Washington, brings this employment discrimination suit against the Internal Revenue Service ("I.R.S.") alleging discrimination based on sex, race, age and disability in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), and the Rehabilitation Act of 1973. Plaintiff is a black female, over the age of forty, and physically disabled as of 1995.[1] Plaintiff alleges discrimination in hiring and promotion in that she was passed her over three times for a new job, despite her qualifications. She alleges that those selected for the positions are white males, under the age of forty, and less qualified. She also alleges racial dis-

---

1. Plaintiff does not indicate her specific age or her specific disability. But for the pur-

poses of this Motion, the Court will assume all. pleaded facts to be true as alleged.

crimination in discipline and retaliation in that she filed a complaint with the EEO and, thereafter, Defendant re-validated her performance appraisal,[2] selected her work for workload review,[3] and issued her an Official Letter of Admonishment for failure to file taxes and failure to respond to requests for information regarding her failure to file. Plaintiff claims physical and emotional injuries and requests that the Court appoint her to one of the position for which she applied, award her back-pay, award her $300,000.00 in compensatory damages for emotional and physical injuries, and rescind that Official Letter of Admonishment. At the time Plaintiff filed her Complaint she was still employed with the I.R.S.

Defendant filed a motion for summary judgment as to all claims arguing that Plaintiff has raised no material factual disputes, that re-validation and workload review do not constitute adverse employment actions, that Plaintiff is unable to establish a *prima facie* case regarding any of the complained actions, that Defendant has articulated legitimate, nondiscriminatory reasons for the actions, and that there is not evidence legally sufficient to establish a pretext. For the following reasons, the Court grants Defendants summary judgment motion.

## II. *DISCUSSION*

In reviewing a motion for summary judgment, the court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520, 111 S.Ct.

2419, 115 L.Ed.2d 447 (1991) (citations omitted). Rule 56(c) of the Federal Rules of Civil Procedure provides that the entry of summary judgment is proper, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Cray Communications, Inc. v. Novatel Computer Systems, Inc.*, 33 F.3d 390, 393 (4th Cir. 1994); *see LeBlanc v. Cahill*, 153 F.3d 134 (4th Cir.1998).

The absence of any admissible evidence establishing the fact of discrimination is sufficient to shift the burden of production to the Plaintiff. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); 10A *Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Federal Practice and Procedure* § 2729.1 (3d.1998). Once the burden has shifted, the evidentiary standard under Rule 56 rises to require the nonmoving party to "set forth specific facts showing there is a genuine issue for trial" by affidavit, depositions, answers to interrogatories, admissions, or other evidence that would be admissible at trial. Fed.R.Civ.P. 56(c), (56)(e). This burden is "particularly strong" where the nonmoving party also bears the burden of proof at trial. *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir.1990)). Moreover, while the supporting documentation need not be admissible at trial, the materials must show that the nonmoving party has access to admissible evidence for

---

**2.** A re-validation is a subsequent validation of an employee's performance as reflected in his or her performance appraisal. According to I.R.S. policy, a re-validation is completed if the performance appraisal is older than six months and the employee's manager determines that the appraisal accurately reflects the employee's performance at the time of the subsequent validation.

**3.** A workload review is a supervisory review of an employee's assigned cases.

presentation at trial. *Celotex,* 477 U.S. at 327, 106 S.Ct. 2548.

■ In the context of employment discrimination, the Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) established the "rebuttable presumption" method of proof. That standard, as more recently described by the Supreme Court in *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), provides that once the defendant offers a legitimate nondiscriminatory reason, the plaintiff is "afforded the opportunity to prove by a preponderance of evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* 142, 120 S.Ct. 2097.

### A. Discrimination in Discipline

■ Plaintiff alleges discriminatory discipline in that her performance appraisal was re-validated, her work selected for workload review, and because Defendant admonished her for failing to file taxes timely and for failing to respond to official probes regarding her delinquent filing.[4] In cases where the plaintiff alleges discriminatory discipline, the Fourth Circuit requires that the plaintiff show (1) that he or she is a member of a protected class, (2) that his or her misconduct was of comparable seriousness to the misconduct of employees not within the protected class and (3) the discipline imposed upon the plaintiff was more severe than that imposed upon the similarly situated employees. *Cook v. CSX Transp. Corp.,* 988 F.2d 507, 511 (4th Cir.1993); *Moore v. City of Charlotte,* 754 F.2d 1100, 1105–06 (4th Cir.1985).

### 1. Re-validation

■ Plaintiff alleges that on June 2, 1998, Defendant discriminated against her by re-validating her performance appraisal that was completed on November 5, 1997.[5] Defendant asserts that it had a nondiscriminatory reason for the re-validation. It argues that Plaintiff applied for a position as a Revenue Agent. When I.R.S representatives looked for Plaintiff's past appraisals, they discovered that her most recent appraisal was older than six months. I.R.S. policy prohibits the use of an employee appraisal older than six months. However, I.R.S. policy permits the appraisal to be "re-validated," if the employee's manager determines that the appraisal accurately reflects the employee's performance at the time of the re-validation.

Other than conclusory allegations, Plaintiff fails to give the Court evidence that discrimination was a motivating factor in the decision to re-validate, or proffer evidence that her manager's reasoning for the re-validation was pretextual. Moreover, she offers no evidence to show that her performance warranted a higher rating, that the appraisal was inaccurate, or that Defendant treated her differently than other similarly situated workers. In sum, she fails to show that the re-validated appraisal "adversely affected" the "terms, conditions, or benefits" of her employment. *See Munday v. Waste Mgmt. of North America, Inc.,* 126 F.3d 239, 243 (4th Cir. 1997).

### 2. Workload Review

■ A similar analysis applies to Plaintiff's claims regarding an alleged dis-

**4.** The Court addresses Plaintiff's retaliation claim *infra.*

**5.** Plaintiff also suggests that the re-validation is in violation of her Union Contract. Howev-

er, Plaintiff does not state a claim for breach of contract and, therefore, the Court does not address that issue herein.

criminatory workload review which resulted in a "low rating." At a minimum, Title VII permits employers to evaluate an employee's work performance. As with the allegations regarding re-validation, Plaintiff offers no evidence that the acts "adversely affected" the "terms, conditions, or benefits" of her employment. *Id.* Defendant states that workload reviews are routine and undertaken to ensure that employees meet workload priorities. Yet Plaintiff fails to give the Court evidence that discrimination was a motivating factor in the decision to review her workload, or proffer evidence that Defendant's reasoning for conducting a workload review was pretextual. Moreover, she offers no evidence to show that her performance warranted different treatment and no evidence to show that Defendant treated her differently than other similarly situated workers.[6]

### 3. *Letter of Admonishment*

■ Plaintiff also argues that the Official Letter of Admonishment was motivated by discriminatory intent. Defendant asserts that failure to file taxes or respond to an inquiry regarding the failure to file is serious misconduct in the I.R.S. Defendant offers evidence that the representative who disciplined Plaintiff gave admonishments to nine other employees for similar conduct during the relevant period. Defendant also provides evidence that three of the employees are Caucasian, one Hispanic, two are men and at least seven of the nine had no disability. Moreover, each of the persons administering the admonishments provided declarations that they did not treat the Plaintiff differently than any other similarly situated employees.

Absent evidence to the contrary, the Court grants summary judgment as to this claim.

### B. *Discrimination in Hiring and Promotion*

■ A plaintiff creates an initial inference of illegal motivation in hiring or promotion by establishing that: (1) he or she is a member of a protected group; (2) there was an open position for which he or she applied or sought to apply; (3) he or she was qualified for the position; and (4) he or she was rejected under circumstances giving rise to an inference of unlawful discrimination. *Evans v. Technologies Applications and Serv., Co.,* 80 F.3d 954, 959–60 (4th Cir.1996) (failure to promote; gender); *Amirmokri v. Baltimore Gas and Elec. Co.,* 60 F.3d 1126, 1129 (4th Cir.1995) (failure to promote; national origin); *Carter v. Ball,* 33 F.3d 450, 458 (4th Cir.1994) (failure to promote; race).

■ In response to the Complaint, Defendant asserts that Plaintiff's credentials, not her race, sex, age or disability, prevented her from getting hired. Defendant offers evidence of its hiring procedure in which a committee assigns a score to all applicants based on the applicant's most recent performance appraisals, awards received, education and training. Plaintiff applied for three positions, but her scores were too low to be considered. In fact, Defendant offers evidence that Plaintiff's scores were at or near the bottom of each application pool. Further, except for retired employees, all ranking and selecting officials involved in the scoring and hiring process have provided declarations attesting that they followed the objective I.R.S.

**6.** The Fourth Circuit has held that conduct short of "ultimate employment decisions" can constitute adverse employment action for purposes of Title VII. *See Von Gunten v. Maryland,* 243 F.3d 858, 865 (4th Cir.2001). But even if Plaintiff could produce evidence of the alleged conduct, the Court does not believe that Plaintiff's allegations concerning a re-validation or workload review rise to the level of "adverse employment actions" actionable under Title VII.

hiring policy. Defendant also provides evidence that, contrary to Plaintiff's contentions that Defendant hired only white males less than forty years old, Defendant actually hired members of the protected class in all positions.[7] Defendant also proffers the performance appraisal of each person hired to illustrate its contention that each new hire was more qualified than Plaintiff.

 Job performance and relative employee qualifications "are widely recognized as valid, nondiscriminatory bases for any adverse employment decision." *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 960 (4th Cir.1996). Because Plaintiff does not offer any evidence, whether general or specific, to support her claim of intentional discrimination, the Court grants Defendant's motion for summary judgment.

### C. *Retaliation*

Finally, Plaintiff argues retaliation in violation of Title VII. To establish a *prima facie* case of retaliation, a plaintiff must show (1) that the employee engaged in protected activity; (2) that the employer took an adverse employment action against the employee; and (3) that a causal connection existed between the protected activity and the adverse action. *Munday v. Waste Management of North Am., Inc.*, 126 F.3d 239, 242 (4th Cir.1997). The Court finds summary judgment appropriate concerning this claim as well. Here, the Plaintiff filed a complaint with the EEO, Defendant later rejected her for three vacancies, and Plaintiff received an admonishment. The mere fact that the events occurred after Plaintiff initiated her administrative complaint does not, by itself, establish a claim of retaliation under Title VII. *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir.1998). Here the Court finds

nothing to establish a causal connection between the complaint and the alleged adverse action. Thus, summary judgment is appropriate.

### 3. *CONCLUSION*

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment. An Order consistent with this Opinion will follow.

---

**7.** Defendant asserts that it hired an Asian male for the first position, two black females for the second position, and three females for the third position.