UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

LAW ENFORCEMENT ALLIANCE OF
AMERICA, INCORPORATED,
　　　　　　*Plaintiff-Appellant,*

v.

USA DIRECT, INCORPORATED,
　　　　　　*Defendant-Appellee.*

No. 02-1461

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CA-01-929)

Argued: January 24, 2003

Decided: February 19, 2003

Before WILLIAMS and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Richard E. Gardiner, Fairfax, Virginia, for Appellant.
John Hardin Young, SANDLER, REIFF & YOUNG, P.C., Washing-
ton, D.C., for Appellee. **ON BRIEF:** Joseph E. Sandler, SANDLER,
REIFF & YOUNG, P.C., Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Law Enforcement Alliance of America, Inc. (LEAA), appeals the district court's award of summary judgment in favor of the defendant, USA Direct, Inc., in LEAA's action for damages arising from USA Direct's provision of database management services. We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All reasonable inferences are "viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Although the moving party must provide more than a conclusory statement that there are no genuine issues of material fact to support a motion for summary judgment, it "'need not produce evidence, but simply can argue that there is an absence of evidence by which the nonmovant can prove his case.'" *Cray Communications, Inc. v. Novatel Comp. Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994) (quoting 10A Charles Alan Wright, et al., *Federal Practice and Procedure* § 2720, at 10 (2d ed. Supp. 1994)); *see also Celotex*, 477 U.S. at 325 ("[T]he burden on the moving party may be discharged by 'showing' —that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case."). Once the moving party has met its burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The nonmoving party's evidence must be probative, not merely colorable, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986), cannot be "conclusory statements . . . without specific evidentiary support," *Causey v. Balog*, 162 F.3d 795, 801-02 (4th Cir. 1998), can-

not be hearsay, *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996), and must "contain admissible evidence and be based on personal knowledge." *Id.*

Having had the benefit of oral argument and having carefully considered the parties' briefs, the record from the court below, and the relevant legal authority, we conclude that the district court correctly resolved the issues before it. *See Law Enforcement Alliance of Am. v. USA Direct, Inc.*, Civ. No. 01-929-A (E.D. Va. April 10, 2002). Finding no error, we affirm the district court's award of summary judgment in favor of USA Direct.

AFFIRMED