UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANNA MARIE JOHNSON, individually
and as the Administrator of the
Estate of Joseph Johnson; JOLENE T.
JOHNSON,

*Plaintiffs-Appellants,*

v.

JOSEPH MONTIMINY; DANIEL RABY;
JOSEPH GIBSON; JOHN BURROUGHS;
WILLIAM DONLEY; MICHAEL
MCGUIGAN; DONALD BELFIELD;
THOMAS FORD; FREDERICK E. DAVIS;
JOHN DOES 1-10; JANE DOES 1-10;
CHARLES COUNTY,

*Defendants-Appellees,*

and

THE STATE OF MARYLAND,

*Defendant.*

No. 03-2331

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
J. Frederick Motz, District Judge.
(CA-02-2822-8-JFM)

Submitted: March 8, 2004

Decided: April 6, 2004

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Douglas P. Desjardins, R. JACK CLAPP & ASSOCIATES CO., L.P.A., Washington, D.C., for Appellants. John F. Breads, Columbia, Maryland; Betty Stemley Sconion, Assistant Attorney General, Pikesville, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

This litigation arises out of tragic circumstances. On August 25, 1999, police positioned themselves at an intersection intending to use stop sticks to disable a speeding vehicle being driven in a highly dangerous and reckless manner by David G. Hicks. Joseph Johnson, an innocent driver stopped at the intersection, was killed when Hicks rammed several vehicles in an attempt to elude capture. Joseph Johnson's widow, Anna Marie Johnson (Johnson), brought suit against a number of state actors pursuant to 42 U.S.C. § 1983 (2000), in which she asserted due process and unreasonable seizure claims. The district court granted summary judgment in favor of the defendants and Johnson has appealed. We affirm.

We review a grant of summary judgment de novo. *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). All factual evidence, and all justifiable inferences drawn therefrom, must be viewed in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, the non-moving party may not rely upon mere allegations. Rather, supported by affidavits or other verified evidence, her

response must set forth specific facts showing there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 393-94 (4th Cir. 1994).

Johnson argues the police unreasonably seized her husband by stopping traffic and using his occupied vehicle as a barricade. A Fourth Amendment seizure occurs only "when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). A person has been seized "only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *California v. Hodari D.*, 499 U.S. 621, 627-28 (1991) (quoting *United States v. Mendenhall*, 446 U.S. 544, 554 (1980)). This standard is an objective one. *United States v. Analla*, 975 F.2d 119, 124 (4th Cir. 1992). It is enough that a person be stopped by the very instrumentality set in motion or put in place by the government in order to achieve that result. *Brower*, 489 U.S. at 599. We review the district court's determination whether a "seizure" has occurred for clear error, considering the totality of the circumstances. *United States v. Wilson*, 953 F.2d 116, 121 (4th Cir. 1991).

For a seizure to be actionable under § 1983, it must be unreasonable. *Brower*, 489 U.S. at 599. "[T]he question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "An officer's [decision] is 'judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight,' allowing for the fact that 'police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving.'" *Milstead v. Kibler*, 243 F.3d 157, 163 (4th Cir. 2001) (quoting *Graham*, 490 U.S. at 396, 397).

We conclude the district court did not clearly err when it found Joseph Johnson was not seized. Even if Joseph Johnson was seized, the officers' actions, requiring split-second judgments in a rapidly evolving situation, were reasonable. We also conclude the district court did not abuse its discretion in granting summary judgment without further discovery. *See Evans v. Techs. Applications & Serv. Co.*,

80 F.3d 954, 961 (4th Cir. 1996); *Nguyen v. CNA Corp.*, 44 F.3d 234, 242 (4th Cir. 1995).

Accordingly, we affirm the decision of the district court granting the motion to dismiss or for summary judgment for the reasons stated in its comprehensive opinion. *See Johnson v. Montiminy*, No. CA-02-2822-8-JFM (D. Md. Sept. 23, 2003). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*