**ROYAL INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**MILES & STOCKBRIDGE, P.C., et al., Defendants.**

**No. CIV. A. S–99–1351.**

United States District Court, D. Maryland, Northern Division.

May 11, 2001.

Mitchell A. Stearn, Porter Wright Morris and Arthur, Virginia Elizabeth Richards, Law Office, Washington, DC, for Plaintiff.

William J. Murphy, Robert T. Shaffer, III, Murphy & Shaffer, Alvin I. Frederick, James Edward Dickerman, Eccleston and Wolf, Baltimore, MD, for Defendants.

### MEMORANDUM OPINION

SMALKIN, District Judge.

Defendant and Third–Party Plaintiff Miles & Stockbridge's Motion to Alter or Amend Judgment and to Reconsider are presently before the Court. Miles & Stockbridge's request for a hearing is denied, as no oral hearing is necessary to decide this matter. Local Rule 105.6 (D.Md.). For the reasons stated below, the Motion to Alter or Amend Judgment and for Reconsideration will be GRANTED, in part, and DENIED, in part.

In its March 13, 2001 Memorandum Opinion & Order in this case, this Court held that Parler & Wobber was negligent in recommending settlement of the *Jerome* litigation for $1.6 million, because the default judgment issued by Judge Angeletti would have been reversed by any Maryland appellate court. In so holding, the Court reasoned that Judge Angeletti's *entry* of the default judgment, pursuant to a motion filed by Jerome and opposed by Salomon (Miles), was erroneous both procedurally and substantively, because, pursuant to Md. Rule 2–316(e), Judge Angeletti could not enter a default judgment if there was a substantial basis for an actual controversy as to the merits and it was equitable to excuse the failure to plead. March 13, 2001 Mem. Op. at p. 32. In this Court's view, this initial granting of Jerome's motion to enter a default judgment, after Miles presented meritorious defenses and reasons showing that it was equitable to excuse the failure to plead in an opposition motion, gave Salomon the basis on which to successfully pursue an appeal. Mem. Op. at, p. 45. Counsel's decision to forego appeal of the entry of the default judgment, resulting in a later settlement for $1.6 million, was negligent, in the opinion of this Court.

■ Notwithstanding this Court's view, and unbeknownst to it because of the procedural posture of the case, Miles's experts had opined that it would *not* be a breach of the standard of care to conclude that the prospects of a successful appeal in this case were less than 50%. After reviewing their testimony, the Court reconsidered its March 13, 2001 opinion, and granted summary judgment in favor of Parler, because Miles had failed to sustain its burden of producing evidence of negligence. In an attempt to get around the fatal concessions made by its experts, Miles is now arguing that the Court misconstrued its experts' opinions, and is now attempting to re-frame its arguments to avoid summary judgment[1]. For the pur-

---

1. Miles urges the Court to treat its motion for reconsideration as an opposition to a motion for summary judgment, because the Court entered judgment in favor of Parler pursuant to its motion for reconsideration, even though Parler did not expressly request summary

poses of this decision, the Court will entertain Miles's newly framed argument[2], as it does not change the Court's conclusion or its reasoning in reaching it.

■ Essentially, Miles now argues that Parler, in failing to file a proper motion to vacate the default judgment, not only precluded Salomon from achieving a favorable ruling from Judge Angeletti, but also impeded the prospects of appeal, because Parler created an unfavorable record that did not challenge the default judgment. The appeal, however, rested in Judge Angeletti's *initial decision* to grant the motion for a default judgment. Parler did nothing to preclude or weaken an appeal of that decision, and that was the decision that this Court held, as a matter of law, would have been reversed. Indeed, the Court specifically noted that any motions Parler filed with regard to the default judgment would have been evaluated as relating to an interlocutory order. March 13, 2001 Mem. Op. at 29. The Court stated that this was significant, in that a judge has more discretion to review an interlocu-tory order than to review an initial motion to vacate an order of default (in this case, an opposition to a motion for entry of a default), because the language of Md. Rule 2–613(e) circumscribes a judge's discretion to issue default judgments. *Id.* Thus, as the Court's March 13, 2001, holding was that, as a matter of law, an appeal of the record *as it existed* in the *Jerome* litigation would have been successful, Miles's argument that Parler seriously compromised chances on appeal fails. Miles's Motion for Reconsideration on the issue of insufficiency of the evidence as to Parler's breach of the standard of care is, therefore, DENIED.

■ In its April 27, 2001 judgment, this Court awarded prejudgment interest to the Plaintiff, Royal Insurance Company, from the date of settlement, January 21, 1999. Miles appropriately informed the Court that the settlement was not actually paid to Mrs. Jerome until February 9, 1999. The Court will, thus, amend the judgment to establish that prejudgment interest runs from February 9, 1999.

judgment therein. Treating Miles's motion for reconsideration as an opposition motion would presumably allow it to present new arguments that it did not present in the original summary judgment filings. There is a critical difference, however, between Miles's and Parler's motions for reconsideration. The Court overlooked an argument presented by Parler in its original motion for summary judgment that compelled judgment in Parler's favor; therefore, the Court reconsidered its March 13, 2001 decision and entered judgment in favor of Parler as requested by Parler in its summary judgment motion, which had been fully briefed by everyone. Miles, on the other hand, is asking the Court to consider a new theory of its case, not argued previously, on a motion for reconsideration. This is an improper basis for a motion to reconsider. It has had plenty of opportunity to make its arguments, and a motion to reconsider is not a license to reargue the merits or present new evidence. *See RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th Cir.1992).

**2.** The Court acknowledges that one of Miles's experts, Melvin Sykes, did conclude, from the onset of this litigation, that Salomon's chances on appeal were compromised because of Parler's handling of post-default judgment motions. Miles, however, did not argue in its memoranda that Parler's negligence in handling the motions before Judge Angeletti compromised the chances on appeal. To the contrary, Miles argued that both Royal and Parler should have pursued an appeal instead of settling for an unreasonably high amount. While Miles exhaustively argued that Parler's negligence precluded a favorable ruling by Judge Angeletti, it never once argued that Parler's negligence compromised a successful appeal. Miles is resurrecting a theory of its case that, for whatever reason, it chose not to present when filing, and responding to, the various summary judgment motions in this case.

This Court summarily DENIES all other claims presented in Miles's Motion to Alter or Amend Judgment and for Reconsideration.

## CONCLUSION

For the reasons stated, Miles & Stockbridge's Motion to Alter or Amend Judgment and for Reconsideration is GRANTED, in part, and DENIED, in part. The Court will amend, by separate order, the judgment entered in this case on April 27, 2001.

## ORDER AMENDING JUDGMENT

For the reasons stated in the Memorandum Opinion issued this day, it is this 11th day of May, 2001, hereby ORDERED:

1) That the Defendants and Third–Party Plaintiffs Miles & Stockbridge and Mauricio Barreiro's Motion to Alter or Amend Judgment and to Reconsider BE, and it hereby IS, GRANTED, in part, and DENIED, in part, as stated in said opinion;

2) That this Court's April 27, 2001 judgment BE, and it hereby IS, AMENDED, to state that prejudgment interest shall be calculated as allowed by Maryland law from the date of the payment of the settlement at issue in this case, *viz.*, February 9, 1999, to the date of this Court's order of April 27, 2001.