Marion GRAY–HOPKINS

v.

**PRINCE GEORGE'S COUNTY, MARYLAND et al.**

No. Civ.A. DKC2000–1771.

United States District Court, D. Maryland.

May 22, 2002.

Walter L. Blair, Blair and Lee PC, College Park, MD, Johnnie L. Cochran, Jr., Law Office PH, New York City, for Plaintiff.

Michael D. Berman, Office of the Attorney General, Baltimore, MD, Crystal Dixon Mittelstaedt, William A. Snoddy, Office of Law for Prince George's County, Sean D. Wallace, Office of the County Attorney, Upper Marlboro, MD, for Defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

■ Presently pending is Plaintiff Marion Gray–Hopkins' Motion for Reconsideration of the court's September 24, 2001, order granting Defendants' motion for summary judgment as to counts against Defendant Devin White.[1] The court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. Plaintiff argues that the court should reconsider its ruling because the court did not have before it the February 21, 2001, testimony of White at Defendant Brian Catlett's Maryland criminal trial when it granted summary judgment. That testimony, Plaintiff argues, demonstrates that White lied in his deposition in this case and that there is a material dispute as to whether White had "articulable suspicion" to justify his stop of the car carrying Gary Hopkins.

Plaintiff has not provided any legitimate explanation as to why the testimony she now seeks to set forth was unavailable before the court issued its ruling on the cross-motions for summary judgment. By Plaintiff's own account, not only was the Catlett trial transcript she now seeks to introduce available as of February 21, 2001, but Defendants submitted a portion of that testimony in support of their motion. Paper no. 75, at 1–2. Plaintiff claims that she was awaiting the court's ruling on her motion to strike Catlett's trial testimony and is now prejudiced by the fact that she did not present other portions of testimony from that trial which purportedly would defeat summary judgment. Paper no. 75, at 2. However, it was Plaintiff's burden to set forth evidence opposing Defendants' summary judgment motion. FED.R.CIV.P. 56; *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–257, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

■ "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.*, 142 F.Supp.2d 676, 677 n. 1 (D.Md.2001), *citing*

---

1. Plaintiff's pending motion to expedite the court's ruling on her motion for reconsideration is moot.

*RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th Cir.1992). A party failing to set forth evidence sufficient to defeat summary judgment may not later submit supplemental evidence purportedly demonstrating a dispute of material fact without legitimate justification as to why it failed to present that evidence during summary judgment proceedings. *Cray Communications, Inc. v. Novatel Computer Sys., Inc.*, 33 F.3d 390, 395 (4th Cir.1994), *citing RGI*, 963 F.2d at 660–662. Plaintiff made a tactical decision to challenge Defendants' use of testimony from Catlett's criminal trial rather than to set before the court portions of testimony she now contends support her allegations. Plaintiff's desire now to make a different choice regarding the presentation of evidence does not provide a legitimate justification for the introduction of new evidence. Accordingly, Plaintiff's motion for reconsideration will be denied. A separate order will be entered.

### ORDER

In accordance with the accompanying Memorandum Opinion, IT IS this ____ day of May, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's Motion for Reconsideration BE, and the same hereby IS, DENIED; and

2. The clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties.