**Charles ERSKINE**

v.

**BOARD OF EDUCATION, et al.**

**No. CIV.A. DKC20002552.**

United States District Court,
D. Maryland.

July 2, 2002.

Mary Ann Ryan, Laurel, MD, for plaintiff.

Sheldon L Gnatt, Knight Manzi Nussbaum and LaPlaca PA, Upper Marlboro, MD, for defendants.

## MEMORANDUM OPINION

CHASANOW, District Judge.

Presently pending and ready for resolution in this employment discrimination and civil rights case is Plaintiff's motion to alter or amend the court's grant of summary judgment pursuant to Fed R. Civ. P. 59(e). No hearing is deemed necessary. Local Rule 105.6. For reasons that follow, the court shall deny Plaintiff's motion.

## I. Background

Plaintiff, Charles Erskine, a white male, brought suit against his employer, Prince George's County Board of Education, and several school administrators, when he was investigated and reassigned by the school system following a series of complaints from the parents of students in his class. Plaintiff alleged that adverse employment action was taken against him for writing the word "negro," the Spanish word for the color black, on the board in the course of teaching a lesson on the Spanish words for colors. Plaintiff brought three counts against Defendants, a claim under 42 U.S.C. § 1983 for deprivation of his rights under the First Amendment claim, a Title VII claim, and a § 1983 due process claim. In an order entered on April 16, 2002, the court granted Defendants' motion for summary judgment on all counts. Plaintiff now moves that the court alter or amend its order granting summary judgment.[1]

## II. Standard of review

"A motion for reconsideration [pursuant to Fed.R.Civ.P. 59(e)] is granted only in limited circumstances." *Microbix Biosystems, Inc. v. BioWhittaker, Inc.,* 184 F.Supp.2d 434, 436 (D.Md.2000). "[T]he federal courts generally have invoked Rule 59(e) only to support reconsideration of matters properly encompassed in a decision on the merits." *White v. New Hampshire Dept. of Employment Sec.,* 455 U.S. 445, 451, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). It may be made for one of three reasons:

(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . .; or (3) to correct a clear error of law or prevent manifest injustice.

*Hill v. Braxton,* 277 F.3d 701, 708 (4th Cir.2002). "[A] motion to reconsider is not a license to reargue the merits or present new evidence." *Royal Insurance Co. of America v. Miles & Stockbridge, P.C.,* 142 F.Supp.2d 676, 677 n. 1 (D.Md.2001), *citing RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th Cir.1992).

## III. Analysis

 Plaintiff does not point to any contradictory case law or new evidence in challenging the court's ruling granting summary judgment on his Title VII and due process claims. Rather, Plaintiff merely reiterates arguments previously advanced in opposing the motion for summary judgment and does not demonstrate that the court made a clear error of law. Accordingly, with reference to the order granting summary judgment, the court will deny Plaintiff's motion for reconsideration as to Counts II and III.

---

1. Plaintiff moves, in the alternative, for reconsideration. The motion for reconsideration pursuant to Rule 59 is merely another name given to the motion to alter or amend judgment.

With respect to his First Amendment claim, Plaintiff challenges the court's determination that his writing on the blackboard was not speech by a citizen entitled to First Amendment protection. In doing so, Plaintiff reiterates that he was not voicing his own opinion, but merely implementing the school's lesson plan in writing the Spanish words for colors on the blackboard. Because of the primary importance of the First Amendment's guarantee of freedom of speech, especially in the classroom environment, it is necessary to clarify the court's earlier ruling, though Plaintiff's motion will be denied as to this count as well.

■ Plaintiff contends that the court misapplied the test for whether his speech was on a matter of public concern, focusing improperly on his status as a public employee rather than on the context of the speech. In addressing the question of whether such speech is protected, courts have looked to the status of the speaker. "Although the Court had not expressly held that speech uttered within the employee's public capacity was not protected, the Court had distinguished between speaking as a citizen and as an employee, and had focused on speech as a citizen as that for which constitutional protection is afforded." *DiMeglio v. Haines,* 45 F.3d 790, 805 (4th Cir.1995), *citing Connick v. Myers,* 461 U.S. 138, 147, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). Plaintiff, however, is correct in that the critical distinction is not between Plaintiff as employee or Plaintiff as citizen, as he is invariably both, but on the context in which Plaintiff was speaking at the time. Quite simply, Plaintiff cannot claim that he has a protected interest in speech that, by his own admission, was not his.

According to Plaintiff, the court erred in applying *Holland v. Rimmer,* 25 F.3d 1251, 1254–1255 (4th Cir.1994), to determine that his speech was not speech of a citizen on a matter of public concern. Under Plaintiff's narrow reading of *Holland,* 25 F.3d at 1255–56, communications which are not of public concern because made "in the course of carrying out legitimate job duties" and "between employees speaking as employees" encompasses only speech involving administration, efficiency or discipline. To the contrary, *Holland,* 25 F.3d at 1254–1255, *quoting Connick,* 461 U.S. at 146, 103 S.Ct. 1684, stands for the broader proposition that the court must consider the "content, form, and context" of the Plaintiff's expression in order to determine whether it involves a matter of public concern " 'relating to any matter of political, social, or other concern to the community.' " In *Boring v. Buncombe County Board of Education,* 136 F.3d 364, 370 (4th Cir.1998) (en banc), *cert. denied,* 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 36 (1998), the court determined that, in line with the Fifth Circuit decision in *Kirkland v. Northside Independent School District,* 890 F.2d 794 (5th Cir.1989), *cert. denied,* 496 U.S. 926, 110 S.Ct. 2620, 110 L.Ed.2d 641 (1990), a teacher has "no First Amendment right to insist on the makeup of the curriculum." Therefore, while Plaintiff argues that he was speaking as the voice of the community, given the form and context of the speech as a lesson plan given to him by the school, he cannot then claim that he had a protected First Amendment interest in the speech.

Finally, Plaintiff argues that the school's actions had a chilling effect on free speech by punishing a teacher for voicing the truth. In the unlikely event that Defendants reassigned Plaintiff because he implemented a lesson plan [2], whether or not

---

**2.** Plaintiff did not demonstrate that any ad-

verse job action was taken as a result of his

that decision was wise or justified, it would be more chilling to label as protected speech that which is not. The effect would be to dilute the protections afforded to free speech by setting non-existent speech interests, like that at issue here, against the school's and community's powerful interest in determining the needs of students. Those community needs would trump non-existent speech interests in a balancing test every time, trivializing the true importance of free speech in the school context and marginalizing legitimate claims to protected speech interests.

## IV. Conclusion

For the foregoing reasons, the court will deny Plaintiffs' motion to alter or amend the court's judgment. A separate order will be entered.

## ORDER

For the reasons stated in the foregoing Memorandum Opinion, it is this _____ day of July, 2002, by the United States District Court for the District of Maryland, ORDERED that:

1. Defendant's motion to alter or amend the court's judgment pursuant to Fed.R.Civ.P. 59 BE, and the same hereby IS, DENIED; and

2. The Clerk transmit copies of the Memorandum Opinion and this Order to counsel for the parties.

purported speech in writing the words on the blackboard. Nor did Plaintiff demonstrate that the transfer occurred in retaliation for the speech rather than as a result of the complaints received by the school, some in advance of the blackboard incident. Though the court did not reach these issues in its earlier ruling, they alone would likely justify summary judgment in Defendants' favor.